IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH DIANE FLETCHER          :

       v.          :          Civil Action No. DKC 09-1188

SOCIAL SECURITY ADMINISTRATION  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion to dismiss (Paper 13) filed by Defendant Social Security Administration. Unfortunately, because Plaintiff apparently has no settled place of residence, both the Social Security Administration and this court have been unable, at times, to communicate with Plaintiff. While she has mailed certain communications to the court, Plaintiff has not recently been in touch and she is likely unaware of the pendency of the motion. The clerk of the court attempted to notify Plaintiff of the pendency of the motion and the necessity for filing a response. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The clerk sent letters to Plaintiff's general delivery addresses at both the Washington, D.C. and Laurel, Maryland Post Offices. The clerk's letters were returned to the court by the United States Postal Service. The letter that was sent to Washington, D.C. was unclaimed and the letter that was sent to Laurel,

Maryland was returned because the forwarding time had expired. The court has no other contact information for Plaintiff. Local Rule 102.1(b)(iii), states:

> Duty of *Pro Se* Litigants to Keep Current Address on File
>
> *Pro se* litigants must file with the Clerk in every case which they have pending a statement of their current address. If a *pro se* plaintiff resides outside of the District, the party shall keep on file with the Clerk an address within the District where notices can be served. These obligations are continuing, and if any *pro se* litigant fails to comply with them, the Court may enter an order dismissing any affirmative claims for relief filed by that party and may enter a default judgment on any claims asserted against that party.

Although Plaintiff did not file a response to Defendant's motion, the issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion to dismiss will be granted.

I.  **Background**

This case arises from Plaintiff's attempt to collect Social Security benefits. Plaintiff filed a complaint (Paper 1) on May 7, 2009, alleging that Defendant Social Security Administration ("SSA") breached its contract with her to provide her with SSI and SSA benefits. (*Id.*, at 2). Plaintiff asserts that she began to "have trouble with her [Social Security] checks" sometime between 2006 and 2007 because she either "did not

2

receive any checks" or the SSA failed to deliver the "rightful amount." (*Id.*). Plaintiff requests "judgment that the Defendants set a time for the Plaintiff to review her complete SSI and SSA records, or set-up a hearing, or pay all what they owe the Plaintiff." (*Id.*). Plaintiff appears to have previously resided in Miami, Florida, and at the time she filed this suit she resided in Laurel, Maryland. (*Id.* at 1). Plaintiff's current place of residence is unknown, though Plaintiff sent a letter to the court on May 26, 2009, indicating that she was receiving mail at the general delivery address of the Washington, D.C. Post Office. (Paper 6).

Defendant filed a motion to dismiss Plaintiff's complaint on August 24, 2009. (Paper 13). Defendant alleges that Plaintiff has failed to exhaust her administrative remedies and that the court accordingly lacks subject matter jurisdiction over Plaintiff's action. (*Id.* at 1).

Defendant attached to its motion three letters that SSA sent to Plaintiff before she filed this action. (*Id.*, Attach. 4, 5, and 6). The first letter was sent by SSA to Plaintiff on June 19, 2008. That letter stated:

> The appeal you filed based on the fact that you are not receiving full amounts of both checks is not an issue that can be appealed. The maximum benefits that and [sic] SSI recipient can receive for 2008 is $657.00. SSI is a need-based disability benefits [sic] that considers regular disability

>>income and excludes $20.00 from $464.00 received monthly. Therefore, your SSI payment is $193.00 and SSD is $464.00, which totals $657.00. There are no additional monetary benefits from the Social Security Administration.

(*Id.*, Attach 4, at 1).

The second letter was sent by SSA to Plaintiff on March 20, 2009. (*Id.*, Attach. 5). That letter reported to Plaintiff the effects of her absence at a SSA hearing and included an order of dismissal. The author of the letter, an Administrative Law Judge ("ALJ") of the SSA, Linda E. Kupersmith, had decided to grant Plaintiff a hearing. The ALJ attempted to notify Plaintiff of the hearing by general delivery to the U.S. Post Offices in Miami, Florida, and Laurel, Maryland, though the notice was returned to the ALJ. Various unsuccessful attempts were made to discover Plaintiff's location to deliver her a notice of the hearing. Plaintiff did not appear at the scheduled March 17, 2009 hearing.

The order of dismissal concluded:

>>. . . the undersigned has considered the factors set forth in 20 CFR 416.1457(2) and finds that there is no good cause for the claimant's failure to appear at the time and place of hearing. Accordingly, the request for hearing dated July 2, 2008 is dismissed and the determination dated June 18, 2009 [sic, 2008] remains in effect.

(*Id.*, Attach. 5, at 2).

The third letter was sent by SSA to Plaintiff on April 9, 2009. That letter stated:

> We are writing to give you new information about the disability benefits which you receive on this Social Security record. According to our records, you were due a total of $5568.00 in 2008. The amount you were paid for that year was $5568.00 after the returned check were [sic] credited. You received all that you were due in 2008.

(*Id.*, Attach. 6, at 1).

## II.  Motion to Dismiss

### A.  Standard of Review

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R.Civ.P. 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

**B.  Analysis**

Defendant argues that Plaintiff's complaint should be dismissed because the United States has not waived its sovereign immunity to be sued when Plaintiff has not exhausted her administrative remedies. Defendant contends that because Plaintiff has not exhausted her administrative remedies, this court lacks subject matter jurisdiction.

The doctrine of sovereign immunity "shields the Federal Government and its agencies from suit," when the United States has not consented to be sued. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 471 (1994). Under the Social Security statute, an individual has the right to bring a civil action to seek judicial review of "any final decision of the Commissioner of Social Security made after a hearing" if commenced within the requisite time period. The exhaustion of all available administrative remedies is a prerequisite to federal court review under 42 U.S.C. § 405(g). *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *Hopewell Nursing Home, Inc. v. Heckler*, 784 F.2d 554, 557 (4th Cir.1986).

Because exhaustion is a prerequisite to federal court jurisdiction, it is necessary to determine whether Plaintiff exhausted all available remedies and obtained a "final decision . . . made after a hearing" that is ripe for this court's review. While the term "final decision" is left undefined by

the statute, its meaning is left to the Agency to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). The regulations specify a four-step administrative review process for obtaining a final decision subject to federal court review.

A "final decision" is the completion of a four-step process of administrative review: (1) an initial determination, (2) reconsideration of that determination, (3) a hearing before an administrative law judge, and (4) review by the Appeals Council. *See* 20 C.F.R. § 404.900(a)(1)-(5) (2009). Only after these four steps may a claimant obtain judicial review. *Id.* § 404.900(5).

Here, Plaintiff has not completed the four-step process of administrative review because she has not had a hearing before an ALJ or a review by the Appeals Council. Additionally, the ALJ noted that it was uncertain whether Plaintiff ever sought reconsideration of the initial determination made on her claims. (Paper 13, Attach. 5, at 1). Therefore, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction because she has not exhausted her administrative remedies.

It is an unfortunate situation that Plaintiff has been unable to attempt to assert her rights, in large part because SSA and this court have been unable to contact her. Plaintiff's complaint will be dismissed without prejudice so that Plaintiff may file her complaint again, if she is able to exhaust her administrative remedies.

**III. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be granted and Plaintiff's complaint will be dismissed without prejudice.

              /s/
DEBORAH K. CHASANOW
United States District Judge
